UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW, | Case No.: 2:22-cv-01414-APG-NJK |
| Plaintiff | **Order** |
| v. | |
| CHARLES KIM, et al., | |
| Defendants | |

    Plaintiff John McGraw filed this case in state court against defendants Charles Kim, Linden Hospitality, LLC, First American Title Insurance Company, and LHP Riverhouse Holding, LLC.  Defendants Kim and Linden removed the case to this court on the basis of diversity jurisdiction. ECF No. 1.  In the notice of removal, the removing defendants anticipated that McGraw would argue that LHP Riverhouse destroys diversity because McGraw is a Nevada citizen and members of LHP Riverhouse are Nevada citizens. *Id.* at 2.  The removing defendants contend that no agreement was created regarding LHP Riverhouse's membership, and, in any event, LHP Riverhouse is fraudulently joined. *Id.* at 2-3.

    McGraw filed a "notice of incorrect information in defendants' statement regarding removal." ECF No. 11.  In the notice, McGraw states that LHP Riverhouse has a member in Nevada who voluntarily accepted service on May 20, 2022, so the case should be remanded. *Id*.  The notice does not identify who that member is or show the acceptance of service.  Nor does it address the fraudulent joinder argument the defendants raised in their notice of removal.

    Consequently, I direct the parties to fully brief the issues and submit evidence surrounding the formation and members of LHP Riverhouse, both at the time the complaint was filed and on the date of removal. *See Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129,

1131 (9th Cir. 2002) (stating that diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected"). Additionally, the parties must brief whether LHP Riverhouse has been fraudulently joined such that its citizenship does not matter for purposes of determining diversity jurisdiction. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (stating that the citizenship of a fraudulently joined defendant is disregarded when determining whether complete diversity exists). As the parties asserting that this court has jurisdiction, the removing defendants bear the burden of establishing that jurisdiction exists. *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021).

      I THEREFORE ORDER that by October 7, 2022, the removing defendants must file a supplemental brief explaining why this court has subject matter jurisdiction. McGraw may file a response by October 21, 2022. The removing defendants may file a reply by October 28, 2022.

      DATED this 22nd day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE