UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW, | Case No.: 2:22-cv-01414-APG-NJK |
| Plaintiff | **Order** |
| v. | [ECF Nos. 5, 9, 17] |
| CHARLES KIM, et al., | |
| Defendants | |

This dispute arises out of a failed attempt to purchase a hotel in Oregon. John McGraw sues Charles Kim and Linden Hospitality, LLC for negligent misrepresentation, fraud and intentional misrepresentation, fraud in the inducement, negligence, and declaratory relief. McGraw also sues LHP Riverhouse Holding, LLC (Riverhouse) and First American Title Insurance Company (FATIC) for negligence and declaratory relief.

McGraw filed his lawsuit in state court, and Kim and Linden removed it to this court based on diversity jurisdiction. ECF No. 1. Kim and Linden assert there is complete diversity because they are California citizens, McGraw is a Nevada citizen, and FATIC is a citizen of Nebraska and California. Kim and Linden argue that Riverhouse either has no members because it was never fully formed, or its only members are not Nevada citizens. Alternatively, they contend that Riverhouse was fraudulently joined so its citizenship should be ignored for diversity purposes.

McGraw filed a "notice of incorrect information in defendants' statement regarding removal," in which McGraw contends that Riverhouse has a Nevada member, so the case should be remanded. ECF No. 11. Based on this representation, I directed the parties to file supplemental briefs regarding subject matter jurisdiction. ECF No. 12. The parties dispute

whether Riverhouse was ever formed, who its members (if any) are, and whether it has been fraudulently joined. ECF Nos. 14, 18, 20.

In the meantime, Kim and Linden moved to dismiss the case for lack of personal jurisdiction and failure to plead the fraud claims with specificity. ECF No. 5.  FATIC also moved to dismiss, or alternatively for summary judgment, on a variety of grounds. ECF No. 9.  After McGraw failed to timely oppose, FATIC filed a notice of non-opposition and moved for the court to rule on its motion as unopposed. ECF No. 17.  McGraw thereafter moved to extend the deadline for his response and filed a response a few days later. ECF Nos. 19, 23.  That brief states that it is in response to ECF No. 9, which is FATIC's motion, but the substance responds to Kim and Linden's motion. ECF No. 23.  After FATIC filed a reply, McGraw filed a response to FATIC's motion, and FATIC filed a second reply. ECF Nos. 29; 30.  I subsequently granted McGraw's motion to extend time and gave Kim and Linden additional time to file their reply. ECF Nos. 33, 34.

I have subject matter jurisdiction over this matter.  I deny FATIC's motion to consider its motion to dismiss unopposed, but I grant FATIC's motion to dismiss and grant McGraw leave to amend.  I deny Kim and Linden's motion to dismiss for lack of personal jurisdiction, but I grant their motion to dismiss counts two and three for failure to plead fraud with specificity, with leave to amend.

**I.  SUBJECT MATTER JURISDICTION**

The parties dispute whether Riverhouse was ever formed and, if so, who its members are. If Riverhouse has a Nevada member, then complete diversity does not exist between McGraw and the defendants, and remand would be required.

2

Kim and Linden contend that although a certificate of formation was filed with the State of Delaware, Riverhouse had no members because the parties never agreed on an operating agreement. Alternatively, they argue that if it did have members, they were Linden and Western Service Contract Corp., a corporation associated with McGraw. Western is a California corporation with its principal place of business in California, so it would not destroy diversity. Finally, they contend that even if Riverhouse has a Nevada member, Riverhouse was fraudulently joined because the complaint does not state a claim against it.

McGraw contends there was an oral agreement that McGraw and a corporation associated with McGraw would own Riverhouse, and the deal fell apart because Kim proposed operating agreements that did not reflect this arrangement. McGraw asserts that he assigned part of his interest in Riverhouse to his attorney, who is a Nevada resident, so Riverhouse has at least one Nevada member. And he contends Riverhouse acted negligently at Kim and Linden's direction, harming him.

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). To remove based on diversity jurisdiction, there must be "complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "In determining whether there is complete diversity, [I] may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.* A defendant is fraudulently joined if it "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203,

1206 (9th Cir. 2007) (quotation omitted). The removing defendant "bears a heavy burden" to show fraudulent joinder because "there is a general presumption against fraudulent joinder." *Grancare*, 889 F.3d at 548 (simplified). Consequently, fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton*, 494 F.3d at 1206.

The complaint fails to state a claim against Riverhouse. The only factual allegation about Riverhouse is that it was formed to "facilitate the acquisition of the subject property." ECF No. 1-4 at 4. The remainder of the complaint describes Kim and Linden's actions. The only claims purportedly asserted against Riverhouse are the fourth claim for negligence and the fifth claim for declaratory relief. *Id.* at 8-9. The negligence claim is pleaded in conclusory fashion, groups all defendants together, and fails to state any facts as to what Riverhouse purportedly did or failed to do to support a negligence claim. Likewise, the declaratory relief claim is conclusory because it does not set forth any facts that Riverhouse had any rights or duties related to the funds in escrow. Because the complaint fails to state even a colorable claim against Riverhouse, I disregard its citizenship for diversity purposes.

But even if the complaint could be construed to be not wholly insubstantial against Riverhouse, Kim and Linden have proved by clear and convincing evidence that neither McGraw nor his attorney's company are members. Although McGraw argues in his motion that the parties orally agreed he and Western would be the only members of Riverhouse, he does not actually state that in his declaration. Rather, he states that the agreement was that he would eventually "end up with sole equity in the project once the other investors were paid," and that Kim and Linden would be compensated for property management services "in lieu of any capital contribution." ECF No. 18 at 8. He also states that the parties agreed that "Kim would establish" Riverhouse to own the property, which Kim did, and Kim is "identified as a manager" of

Riverhouse. *Id.* McGraw states that he assigned 2.5% of his interest in Riverhouse to another limited liability company, of which his attorney is a member. *Id.* He states that Kim and Linden were supposed to assign the purchase agreement for the property to Riverhouse and prepare an operating agreement "that memorialized our verbal agreements," but they did not do so. *Id.* He admits he never signed an operating agreement for Riverhouse. *Id.* at 9.

Kim, on the other hand, states that the parties discussed various structures for the deal but never came to an agreement. ECF No. 14-1 at 2. Kim states that throughout the negotiations, Western, not McGraw personally, was to be a member of Riverhouse. *Id.* at 3. Kim attaches to his declaration various documents exchanged between the parties, all of which identify Western or some other entity affiliated with McGraw as the party that would be a member of Riverhouse, and none of which identifies McGraw as a potential member. *Id.* at 3-4; 14-3 through 14-6; 14-8 through 14-10. McGraw presents no evidence of contemporaneous objections to these proposals as not reflecting that he personally was to be a member. Indeed, according to Kim, one of the organizational charts was proposed by McGraw's wife, and it shows Western (not McGraw) as the investor. ECF Nos. 14-1 at 4; 14-8.

The evidence presently before me shows that the only identified member of Riverhouse is Kim as manager. McGraw offers no evidence that he or Western were admitted as members under Delaware's Limited Liability Company Act. *See* Del. Code tit. 6, § 18-301. The parties never had a meeting of the minds about who would be the Riverhouse members. But to the extent they agreed on anything it was that Western or some other entity affiliated with McGraw, not McGraw personally, would be a member. And if McGraw was never a member, then he had no interest to assign to his attorney's company. Because there is no Nevada defendant in this case, I have subject matter jurisdiction over this action as currently pleaded.

## II. FATIC's MOTION TO DISMISS AND RELATED MOTIONS (ECF Nos. 9, 17, 19)

In the interest of resolving this case on the merits, I previously granted McGraw's motion to extend time, and I deny FATIC's request that I grant its motion to dismiss as unopposed. ECF Nos. 17; 19; 33. FATIC moves to dismiss or for summary judgment on the negligence and declaratory relief claims against it for several reasons. FATIC asserts that its role in the disputed transaction was to act as escrow agent, and thus its only duties were to follow the escrow instructions. It asserts that it did so, so it did not breach any duty. FATIC also argues that the declaratory relief claim fails to state a claim because it seeks a declaration concerning the distribution of the money held in escrow, but those funds have been disbursed.

McGraw responds that FATIC disbursed the funds in the escrow account despite having actual knowledge of and being served with a temporary restraining order issued by a state court. McGraw appears to concede that these facts are not alleged in the complaint, because he requests leave to file an amended complaint. ECF No. 29 at 5-6. He also requests relief under Federal Rule of Civil Procedure 56(d). *Id.* at 9.[1]

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

---

[1] I refer McGraw's counsel to Local Rule IC 2-2(b), which provides that for "each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Counsel thus should have filed separate docket entries for the opposition, the motion to amend, and the motion under Rule 56(d).

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

The complaint does not plausibly state a claim against FATIC. The negligence claim is wholly conclusory and does not state any facts about what FATIC did or failed to do that breached a duty owed to McGraw. The declaratory relief claim also fails because it seeks a declaration regarding the disposition of funds held in escrow, but it is undisputed that the funds have already been disbursed. The theory that McGraw asserts in his opposition that FATIC ignored a restraining order is nowhere in the complaint. I therefore grant FATIC's motion to dismiss, but I grant McGraw leave to amend if facts exist to do so. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

I caution McGraw to carefully review the arguments and evidence in FATIC's motion to dismiss when fashioning an amended complaint. Additionally, it is questionable whether McGraw has standing to assert the claims in this case because the evidence presently before me shows that Pacific Specialty Insurance Company (Pacific), not McGraw, funded the escrow. McGraw states in one of his briefs that he received a "blanket assignment of any and all rights from" Pacific. ECF No. 23 at 6. This allegation is not in the complaint and McGraw provides no evidence to support this assertion. In amending his complaint, McGraw should plausibly allege facts showing that he personally has standing to assert his claims.

/ / / /

/ / / /

/ / / /

## III. KIM AND LINDEN'S MOTION TO DISMISS (ECF No. 5)

Kim and Linden move to dismiss on two grounds. First, they argue they are not subject to personal jurisdiction in Nevada. Second, they contend that the fraudulent misrepresentation and fraud in the inducement claims must be dismissed for failure to plead fraud with specificity.

### A. Personal Jurisdiction

Kim and Linden argue that although they had some contacts with Nevada when the parties discussed potential joint ventures, those contacts are insufficient to establish personal jurisdiction because at that point, the Oregon hotel had not been identified as a possible project. They also contend that although Kim interacted with McGraw, Kim believed that McGraw was acting as CEO of Pacific, a California company, which is the company that ultimately funded the $2.2 million escrow deposit on which this lawsuit is based. Kim and Linden argue that on these facts, there is no general or specific personal jurisdiction over them in Nevada.

McGraw responds that Kim and Linden have waived objections to personal jurisdiction by appearing and participating in the case while the case was in state court prior to removal. Alternatively, he argues that Kim admits to soliciting McGraw in Nevada for months before settling on the Oregon project. He contends that but for these solicitations, he would not have agreed to the proposed joint venture and lost the deposit, so there is specific personal jurisdiction.

Kim and Linden have waived their objection to lack of personal jurisdiction because they filed a motion to dismiss in state court prior to removal but did not raise the defense of lack of personal jurisdiction. ECF No. 34-1 (order on defendants' motion to dismiss for failure to timely serve the complaint). Under Nevada Rules of Civil Procedure 12(h)(1)(A) and 12(g)(2), a "party waives any defense listed in Rule 12(b)(2)-(4)," which includes lack of personal jurisdiction, by

8

omitting it from an earlier motion if the defense was available to the party when the earlier motion was filed. *See also Hansen v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 6 P.3d 982, 986 n.4 (Nev. 2000) (en banc); Fed. R. Civ. P. 12 (setting forth similar provisions). I therefore deny Kim and Linden's motion to dismiss for lack of personal jurisdiction.

### B. Failure to Plead Fraud with Specificity

Kim and Linden argue the fraud claims are not pleaded with particularity under Federal Rule of Civil Procedure 9(b). McGraw responds that the complaint adequately alleges the misrepresentations regarding who would own the property and the faulty drafting of the proposed operating agreements for Riverhouse.

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quotation omitted).

Count two of the complaint alleges fraudulent misrepresentation and count three alleges fraud in the inducement. ECF No. 1-4 at 6-8. Thus, these claims must be pleaded with particularity. To state a claim for fraudulent misrepresentation under Nevada law, McGraw must allege (1) the defendants made a false representation; (2) the defendants knew or believed that the representation was false or they had "an insufficient basis of information for making the representation;" (3) the defendants "intended to induce [McGraw] to act or refrain from acting upon the misrepresentation;" and (4) McGraw was damaged "as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). To establish fraud in the inducement, the elements are the same except that the third element is that the

defendants acted with the intent to induce McGraw to agree to the contract's formation. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).

In count two of the complaint, McGraw alleges that Kim and Linden represented "that they would use [their] best efforts, skill, experience, and good faith in handling the contemplated transactions." ECF No. 1-4 at 6. According to the complaint, these representations were false because Kim and Linden "did not intend to work honestly and fairly in using their best efforts in handling the transactions." *Id.* The complaint alleges that Kim and Linden knew their representations were false when made, and that McGraw relied on those representations to his detriment. *Id.*

In count three, the complaint alleges that Kim and Linden misrepresented to McGraw "the value of the subject property, the appropriateness of the business plan and the promise that [McGraw] would own and manage the subject property." *Id.* at 7. According to the complaint, these misrepresentations were designed to and did induce McGraw to fund the escrow. *Id.* The complaint alleges that the representations were false when made because Kim and Linden "had no intention of fully performing." *Id.* at 7-8. McGraw alleges that he relied on the misrepresentations to his detriment. *Id.* at 8.

The complaint does not adequately allege either claim with the requisite particularity. It does not state when or how such representations were made, whether Kim or Linden (or both) made specific representations, the specific content of the representations beyond conclusory "best effort" type allegations, what specifically was false about the representations, and why those representations were false when made. For example, the complaint does not allege what Kim or Linden did that was not consistent with a promise to use their best efforts; what valuation Kim or Linden represented or what the actual value was; the content of the business plan or what

was inappropriate about it; or what representation was made about ownership and what was false about that. Because these defects may be cured through amendment, I grant McGraw leave to amend these claims.

## IV. CONCLUSION

I THEREFORE ORDER that defendant First American Title Insurance Company's motion for ruling on its motion to dismiss as unopposed **(ECF No. 17) is DENIED**.

I FURTHER ORDER that defendant First American Title Insurance Company's motion to dismiss **(ECF No. 9) is GRANTED**.

I FURTHER ORDER that defendants Charles Kim and Linden Hospitality, LLC's motion to dismiss **(ECF No. 5) is GRANTED in part and DENIED in part**. The motion is denied as to these defendants' argument that this court lacks personal jurisdiction. The motion is granted as to counts two and three of the complaint.

I FURTHER ORDER that plaintiff John McGraw may file an amended complaint by May 26, 2023 to correct the deficiencies identified in this order, if facts exist to do so.

DATED this 28th day of April, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE