Paul W. Chandler, Esq.
CHANDLER LAW FIRM, APC
5150 E. Pacific Coast Highway, Suite 200
Long Beach, California 90804
Telephone: 562.208.8595
Email: chandlerlaw@gmail.com

Admitted Pro Hac Vice
Attorneys for Plaintiff JOHN MCGRAW

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN MCGRAW,

    Plaintiff,

vs.

CHARLES KIM, individually; LINDEN
HOSPITALITY, LLC; FIRST AMERICAN
TITLE INSURANCE COMPANY; LHP
RIVERHOUSE HOLDING, LLC; DOES I-X,
and ROE CORPORATIONS I-X, inclusive

    Defendants.

CASE NO.: 2:22-cv-01414-APG-NJK

**FIRST AMENDED COMPLAINT FOR:**

1. NEGLIGENT MISREPRESENTATION
2. FRAUD AND INTENTIONAL MISREPRESENTATION
3. FRAUD IN THE INDUCEMENT
4. NEGLIGENCE
5. NEGLIGENCE (First American)
6. CONVERSION
7. BREACH OF THE IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING

**COMES NOW**, Plaintiff JOHN MCGRAW, an individual residing in Clark County,

Nevada (hereinafter "Plaintiff"), by and through his attorney, Paul W. Chandler of the Chandler

Law Firm, APC, and hereby complains and alleges against Defendants CHARLES KIM,

individually; LINDEN HOSPITALITY, LLC; FIRST AMERICAN TITLE INSURANCE

COMPANY, who are individuals and business operating in Clark County, Nevada; LHP

RIVERHOUSE HOLDING, LLC a Delaware LLC with member(s) residing in Clark County, Nevada, and companies, DOES I-X, and ROE CORPORATIONS I-X, inclusive (hereinafter "Defendants"), as follows:

**<u>THE PARTIES</u>**

1.     Plaintiff JOHN MCGRAW, individually and as assignee of PACIFIC SPECIALTY INSURANCE COMPANY (hereinafter sometimes referred to as "Plaintiff") is and was at all times relevant hereto, an individual residing in Clark County, Nevada.

2.     Defendant CHARLES KIM (hereinafter sometimes referred to as "Kim"), individually and as owner, sole member and manager of Defendant LINDEN HOSPITALITY, LLC, which is a California limited liability company conducting business in Clark County, Nevada (hereinafter sometimes referred to as "Defendant Linden").

3.     Defendant FIRST AMERICAN TITLE INSURANCE COMPANY is and was at all times relevant hereto, a company, having offices and conducting business in Las Vegas, Nevada (hereinafter sometimes referred to as "First American").

4.     Defendant LHP RIVERHOUSE HOLDING LLC is and was at all times relevant hereto, a Delaware Limited Liability Company established to conduct business in Oregon and Nevada with one or more Members residing in Clark County, Nevada (hereinafter sometimes referred to as "LHP Riverhouse").

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, Defendants Does I through X and Roe Corporations I through X, including without limitation, any employer, franchisor, or owner d/b/a thereof, not currently known and therefore not yet named herein, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the

Defendants designated as Doe Defendants or Roe Corporations is responsible in some manner for the events and occurrences referred to in this Complaint, and/or owes money to Plaintiff and/or may be affiliated with Defendants.  Plaintiff will ask leave of the Court to amend this Complaint and insert the true names and capacities of Doe Defendants I through X and Roe Corporations I through X when the same have been ascertained and to join said Defendants in this action.

6.      Defendant DOES I-X, and ROE CORPORATIONS I-X, inclusive are unknown entities qualified and registered to do business in the State of Nevada.

7.      The underlying incident which is the subject matter of this lawsuit occurred in Clark  County, Nevada.

## JURISDICTION AND VENUE

8.      Plaintiffs incorporate the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

9.      Venue is proper in this district because the incident that is the subject matter of this lawsuit occurred in Clark County, Nevada. Plaintiff and Defendants are residents of Clark County and Las Vegas, Nevada or were/are conducting business therein.

10.      This action involves an agreement between the parties to acquire real estate located in Bend, Oregon.

11.      Defendant LHP Riverhouse is a Delaware Limited Liability Company that was established to facilitate the acquisition of the subject property and it has one or more members that reside in Clark County and/or Las Vegas, Nevada.

12.      The negligent, intentional, fraudulent misrepresentations acts and/or omissions of

Defendants Kim and Linden with respect the proposed acquisition resulted in the placement and deposit of funds in the amount of $2,200,000.00 at the direction of Plaintiff into an escrow account held and maintained by Defendant First American. Despite being subject to a court order restraining the distribution of the funds in the escrow account, First American willfully failed to abide by the restraining order and distributed the funds in violation of the court order and at the direction of Kim. The acts of Defendants herein caused Plaintiff to incur substantial damages and thus jurisdiction and venue are properly before this Court.

## GENERAL ALLEGATIONS

13.     Plaintiffs incorporate the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

14.     On or about August 2020 Defendants Kim and Linden began soliciting business from Plaintiff in Nevada.  The business solicitations involved ownership interests of various commercial properties throughout the United States including Nevada.

15.     On or about May or early June 2021, Plaintiff was approached by Defendants Kim and Linden with an opportunity to purchase a hotel known as "Riverhouse on the Deschutes" located in Bend, Oregon along with development property that had development property rights for $56,000,000.

16.     On or about June 16, 2021, based upon the negligent, intentional, fraudulent misrepresentations acts and/or omissions of Defendants Kim and Linden, Plaintiff was deceived into funding an escrow account by having $2,200,000.00 deposited therein.  The company that placed the deposit in escrow was Pacific Specialty Insurance Company. Pacific Specialty Insurance Company has two shareholders, Plaintiff John McGraw, and his brother. Pacific Specialty Insurance Company has assigned any and all of its rights with respect to these matters

to Plaintiff John McGraw. The subject escrow account was solely controlled and managed by Defendant First American.

17.     The negligent, intentional, fraudulent misrepresentations acts and/or omissions of Defendants Kim and Linden resulted in the failure of the subject property to close upon the appointed date and time of September 14, 2021.

18.     On September 17, 2021, at 3:19 p.m, the Eighth Judicial District Court, Clark County, Nevada, Case No. A-21-841117-C ("State Court") issued a Temporary Restraining Order precluding Defendant First American from transferring the $2,200,000.00 held on deposit with Defendant First American (the "TRO").

19.     Prior to the issuance of the TRO, the escrow officers employed by Defendant First American handling and controlling the $2,200,000 in deposit, as well as the Defendant First American's in-house corporate counsel responsible for overseeing/monitoring the status of the escrow funds on deposit, were all provided actual and constructive notice that Plaintiff was actively seeking  a TRO to prevent the distribution of the escrow funds. When it was issued, a true and correct copy of the TRO the State Court was immediately provided via email directly to Defendant First American's escrow officers who were handling and controlling the funds on deposit, as well as to Defendant First American's in-house corporate counsel responsible for overseeing/monitoring the status of the escrow funds on deposit prior to the distribution of the escrow funds. Despite actual and constructive knowledge of the terms of the TRO that ordered Defendant First American to "refrain from the distribution of any and all funds maintained in its escrow account" for the subject property, Defendant First American violated the explicit terms of the TRO and disbursed the funds being held in escrow to the seller of the subject property.

20.     As a direct result of Defendants acts and omissions, Plaintiff has suffered and

continues to suffer damages and loss of revenue, reputation, and earnings.

21.     At this time, Plaintiff estimates that economic damages exceed $2,200,000.00.

22.     As a direct and approximate result of Defendants breaches of their duties that are owed to the Plaintiff herein, Plaintiff has otherwise been damaged in amounts to be determined at trial.

23.     Plaintiff has been required to engage the services of attorneys, and, accordingly, has incurred attorneys' fees and costs to bring this action.

<u>**FIRST CLAIM FOR RELIEF**</u>

**NEGLIGENT MISREPRESENTATION**

**(As to Kim,  Linden and LHP Riverhouse)**

24.     Plaintiff incorporates by reference and realleges each and every allegation above, as though fully set forth herein.

25.     In approximately May 2021 Plaintiff was approached by Defendants Kim and Linden with a proposal to acquire a resort property in Bend Oregon known as "Riverhouse on the Deschutes" along with development property for $56 million dollars.

26.     Defendants Kim and Linden proposed that Plaintiff would provide initial capital in excess  of 15 million and work with other potential investors/lenders so as to acquire the subject property and that, ultimately, I would end up with sole equity in the project once the other investors were paid. Defendants  Kim and Linden would be provided with a property management agreement for the subject property as compensation for their services and in lieu of any capital contribution to the project.

27.     Defendants Kim and Linden agreed to establish defendant LHP Riverhouse as a

-6-

Delaware entity that would own/hold the subject property. Notably, as Defendants Kim and Linden were the only signatories on the purchase and sale agreement, Defendants Kim and Linden also agreed to assign the purchase and sale agreement to Defendant LHP Riverhouse.

28.     From approximately May 2021 through September 2021, Defendants Kim and Linden made repeated verbal representations to Plaintiff that the assignment of the purchase and sale agreement from Defendants Kim and Linden to Defendant LHP Riverhouse would be accomplished prior to closing of the sale of the subject property.

29.     Defendants Kim and Linden made these representations knowing them to be false and with the purpose of inducing Plaintiff to act with respect to funding of the acquisition of the subject property. Defendants Kim and Linden never intended to assign the purchase and sale agreement to Defendant LHP Riverhouse prior to the completion of the sales transaction.

30.     From approximately May 2021 through September 2021, Defendants Kim and Linden repeatedly advised and confirmed with Plaintiff that Plaintiff and/or his funding entity Pacific Specialty Insurance Company, would be the managing member of Defendant LHP Riverhouse. Defendants Kim and Linden knew these representations were false and never intended to have Plaintiff serve as the only member/manager of Defendant LHP Riverhouse. Furthermore, Defendants Kim and Linden established the LHP Riverhouse with Defendant Kim as the managing member, and as such, Kim, utilized Defendant LHP Riverhouse in concert with Defendants Kim and Linden to defraud Plaintiff and further the misrepresentations made by Defendants Kim and Linden regarding ownership interest in the subject property.

31.     From May 2021 through September 2021, Defendant Kim on behalf of himself and on behalf of Defendants Linden and LHP Riverhouse repeatedly assured Plaintiff that the purchase and sale agreement for the subject property would be transferred to LHP Riverhouse

house and that Plaintiff would ultimately be the sole owner of the subject property, once the other investors/lenders were paid and that Defendants Kim and Linden would be compensated by way of a property management agreement for the subject property, in lieu of any capital contribution for the purchase of the property.

32.    Defendants Kim, Linden and LHP Riverhouse at all times new the aforementioned representations to be false and untrue as they never had the intent of performing any of them.

33.    Plaintiff never would have arranged for the funding of escrow account to move forward with the subject acquisition had he known the true intentions of Defendants Kim, Linden, and LHP Riverhouse.

34.    Defendants Kim, Linden and LHP Riverhouse, owed a duty to exercise reasonable care regarding, these misrepresentations and the subject transaction along with a duty to use reasonable care with regards to , the formulation of a business plan, formulation of business entities and other acquisition activities attendant thereto.  Defendants Kim, Linden and LHP Riverhouse breached their duties by, among other things, failing to properly exercise due care in the acquisition and formulation of entities and agreements and by making false representations as set out above, that resulted in Plaintiffs damages as alleged herein. Plaintiff would never have arranged for the funding of escrow account had he been advised of the true and factual intentions of Defendants Kim, Linden and LHP Riverhouse.

35.    Defendants Kim, Linden and LHP Riverhouse made these representations with no reasonable grounds for believing them to be true.

36.    Plaintiff, at the time these representations were made and at the time he took the actions herein alleged, was ignorant of Defendants' false representations and believed them to be true, and therefore relied upon them.

37.    As a direct, proximate, and natural consequence of the Defendants' careless, negligent, reckless actions, Plaintiff has been damaged and will suffer damages in the future including, but not limited to, loss of use, loss of earnings, loss of income, harm to reputation and other associated damages.

38.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees.

## SECOND CLAIM FOR RELIEF
### FRAUD AND INTENTIONAL MISREPRESENTATION
### (Kim and Linden and LHP Riverhouse)

39.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive, as though fully incorporated herein and made a part hereof.

40.    As alleged herein, Defendants Kim and Linden represented to Plaintiff that they would use their best efforts, skill, experience, and good faith in handling the contemplated transactions as alleged herein.

41.    This representation was in fact false. The true facts were that Defendants Kim and Linden did not intend to work honestly and fairly in using their best efforts in handling the transactions as alleged herein.

42.    Defendants Kim and Linden misrepresented to Plaintiff, among other things, that Plaintiff would ultimately be the majority owner of the subject property when, in fact,

Defendants Kim and Linden had structured the purchase in a manner that would have resulted in Plaintiff being only a mere lender for the purpose of the purchase, and Kim and Linden would essentially become the majority owner and have sole control over the subject resort property upon completion of the contemplated transaction. Defendant LHP Riverhouse was formed by Defendant Kim in furtherance of these misrepresentations. When Defendants Kim and Linden made their representations to Plaintiff, Defendants knew them to be false and were made with the intent to deceive and defraud Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

43.     Plaintiff, at the time these representations were made and at the time it took the actions herein alleged, was ignorant of Defendants' false representations and believed them to be true, and therefore relied upon them.

44.     Had Plaintiff known the actual facts, he would not have taken such action in agreeing to fund the subject escrow account. Plaintiff's reliance on Defendants' representations was justified because of his belief that Defendants were dealing with him fairly, honestly, and in good faith, and because there was nothing that led Plaintiff to believe that Defendants Kim and Linden would defraud and exploit Plaintiff.

45.     As a proximate result of Defendants' fraud and deceit, and the facts alleged herein, Plaintiff has been damaged in an amount according to proof.

46.     In doing the acts herein alleged, Defendants Kim and Linden acted fraudulently, willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subject Plaintiff to unjust hardship, knowing that this conduct was substantially likely to vex, annoy, and injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF

### FRAUD IN THE INDUCEMENT

### (Kim and Linden)

47.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 46 above, inclusive, as though fully incorporated herein and made a part hereof.

48.     Defendants Kim and Linden, so as to induce Plaintiff to fund the subject escrow account, made material misrepresentations and false assurances to Plaintiff, including, without limitation, as to the value of the subject property, the appropriateness of the business plan and the promise that Plaintiff would own and manage the subject property.  Defendant LHP Riverhouse was formed by Defendant Kim in furtherance of these misrepresentations.

49.     Defendants' misrepresentations and assurances in this regard were designed to entice Plaintiff, at Plaintiff's significant detriment and expense, to fund the subject escrow account.

50.     Moreover, Defendants Kim and Linden, at all times, knew that Plaintiff was relying heavily upon the foregoing representations in agreeing to enter into an agreement.

51.     At the time Defendants made the foregoing material representations and promises to Plaintiff, such representations and promises were false, and, in addition, Defendants had no intention of fully performing as expressed to Plaintiff and knew that all such representations were false when made.

52.     Defendants Kim and Linden made such representations pertaining to promising future action with no intention of performing or with a positive intention of not performing on such promises.

53.     Plaintiff acted in justifiable reliance upon the material misrepresentations, promises and assurances of Defendants Kim and Linden as, at the time Defendants made such representations, Plaintiff did not know the falsity of the representations and, in addition, were not aware of Defendants' complete lack of intention to fully perform.  Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant's intention of not performing as represented.

54.     As a direct and proximate result of Plaintiff's justifiable reliance upon Defendants' fraudulent misrepresentations, Plaintiff has suffered significant and extensive damages and financial injury.

## FOURTH CLAIM FOR RELI EF
### NEGLIGENCE
### (Kim and Linden)

55.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 54 above, inclusive, as though fully incorporated herein and made a part hereof.

56.      Defendants, Kim, Linden and LHP Riverhouse, and each of them, owed a duty to Plaintiff to act in a reasonable and prudent manner with respect to the preparation of documents attendant to the contemplated real estate acquisition including, but not limited to, the formation of various entities and operating agreements attendant thereto, the preparation of various filings required by various governmental entities, the correct preparation and formulation of escrow instructions and assignments and loan agreements among other things.  Defendants, and each of them, violated these duties and improperly prepared such documents thereby causing

the contemplated acquisition to fail and thus causing Plaintiff to suffer the harm and damage as alleged herein.

57.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENCE
### (First American)

58.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 57 above, inclusive, as though fully incorporated herein and made a part hereof.

59.    Defendant First American owed Plaintiff a duty of care so as to protect the funds placed into its escrow account by Plaintiff and to refrain from the premature or wrongful distribution of any such funds. Defendant First American also owed Plaintiff a duty to, among other things, comply with the TRO issued by the State Court that directed this Defendant to refrain from the distribution of any funds whatsoever from the subject escrow account until October 21, 2021, per the explicit terms of the TRO. Despite having actual and constructive knowledge of the explicit terms of the TRO on September 17, 2021, Defendant First American breached its duties owed to Plaintiff, and violated the TRO by failing to undertake any action to prevent the distribution of the escrow funds on deposit that it controlled, later the evening, thereby causing Plaintiff to suffer the harm complained of.

60.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs.

///

## SIXTH CLAIM FOR RELIEF

### CONVERSION

### (First American)

61.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 60 above, inclusive, as though fully incorporated herein and made a part hereof.

62.    Plaintiff had a right to possession of the funds deposited by Plaintiff into the escrow account controlled and maintained by Defendant First American. Defendant First American had a duty not to take any action that was contrary to Plaintiff's possessory rights to the escrow funds.

63.    Defendant owed a duty to refrain from undertaking any action that would be inconsistent with Plaintiff's rights in the funds on deposit and to refrain from the premature or wrongful distribution of any such funds.

64.    Defendant First American also owed Plaintiff a duty to, among other things, comply with Orders issued by the Eighth Judicial District Court in Clark County, Nevada, especially the September 17, 2021, TRO in which the Court ordered Defendant First American to refrain from the distribution of any funds whatsoever from the subject escrow account until October 21, 2021.

65.    Despite having actual and constructive knowledge of the explicit terms of the TRO on September 17, 2021, Defendant First American violated the TRO by failing to undertake any action to prevent the distribution of Plaintiff's escrow funds on deposit and distributed said funds out of its escrow account later that evening, which was inconsistent with the terms of the TRO and Plaintiff's property rights as to the escrow funds.

66.     The intentional act of Defendant First American in its distribution of the funds, while knowing that such distribution of the funds was a direct violation of the TRO, directly resulted in the loss of Plaintiff's funds on deposit.

67.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to an award of reasonable attorney's fees and costs.

<u>SEVENTH CLAIM FOR RELIEF</u>

**BREACH OF THE IMPLIED CONVENANT OF GOOD FAITH**

**AND FAIR DEALING**

**(All Defendants)**

68.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 67 above, inclusive, as though fully incorporated herein and made a part hereof.

69.     Incumbent in every contract, agreement, or transaction there is an implied promise of good faith and fair dealing. This implies that each party will not do anything to unfairly interfere with the right of any other party to the transaction to receive the benefits of the transaction.

70.     Plaintiff and Defendants entered into agreements and understandings as contained herein which were represented to Plaintiff by Defendants to be consistent with the goal of acquiring real estate in Bend, Oregon.

71.     Plaintiff performed all or substantially all of the actions and/or obligations required him to do, or that he was excused from having to perform such actions and/or obligations.

72.    Defendants, Kim, Linden and LHP Riverhouse, and each of them, unfairly interfered with Plaintiff's right acquire the subject real property, by intentionally misrepresenting to Plaintiff the true nature of the transaction to Plaintiff, and fraudulently inducing Plaintiff to among other things, fund the acquisition of the real estate, without disclosing the true nature of Defendants scheme for ownership of the subject property.

73.    Defendant First American unfairly interfered with Plaintiff's possessory rights to the funds held in its escrow account by improperly distributing the escrow funds held on deposit in violation of the TRO,  which had explicitly ordered Defendant to refrain from such distribution.

74.    The actions of Defendants, and each of them, caused Plaintiff to suffer the harm and damage as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the above-named Defendants and each of them, jointly and severally, as follows:

1.    For general damages in an amount in excess of $50,000.00.

2.    For special damages in an amount in excess of $50,000.00.

3.    For reasonable attorney's fees and costs of suit.

4.    For interest at the statutory rate; and

5.    For such other and further relief as the Court deems just and proper.

Dated: May 25, 2023

_____
Paul W. Chandler, Esq.
CHANDLER LAW FIRM, APC
Admitted Pro Hac Vice
Attorneys for Plaintiff JOHN MCGRAW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY service of the foregoing was made on this 26th day of May 2023, pursuant to FRCP and the ECF rules, and by knowledge that the following counsel has access and information via the ECF:

Michael J. Nuñez,
Esq. Nevada Bar
No. 10703 Tyler
N. Ure, Esq.
Nevada Bar No. 11730
**MURCHISON & CUMMING, LLP**
350 South Rampart Boulevard, Suite
320 Las Vegas, Nevada 89145
Telephone: (702) 360-3956
Facsimile: (702) 360-3957
E-mail: mnunez@murchisonlaw.com
ture@murchisonlaw.com
Attorneys for Defendants,
CHARLES KIM and LINDEN
HOSPITALITY, LLC


Douglas D. Gerrard, Esq.
John M. Langeveld, Esq.
GERRARD COX LARSEN
2450 St. Rose Pkwy., Ste. 200 Henderson, NV 89074
Telephone: (702) 796-4000
Attorneys for Defendant
FIRST AMERICAN TITLE COMPANY

Dated: May 26, 2023                    _____

                                       Paul W. Chandler