UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW,<br><br>    Plaintiff<br><br>v.<br><br>CHARLES KIM, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01414-APG-NJK<br><br>**Order Denying Motion for Reconsideration**<br><br>[ECF No. 55] |

Plaintiff John McGraw moves for reconsideration of my order dismissing defendant LHP Riverhouse Holding, LLC for failure to timely serve LHP. Defendants Charles Kim and Linden Hospitality, LLC oppose. LHP did not oppose because it has not appeared in this case. I deny McGraw's motion because it does not address the proper facts or standards.

This case originated in state court when McGraw filed a complaint against Kim, Linden, First American Title Insurance Company, and LHP in September 2021. ECF No. 1-4. McGraw served Kim and Linden in August 2022, at which time they removed the case to this court. ECF Nos. 1; 1-2. There is no evidence that McGraw ever served LHP with the original complaint, either in state court prior to removal or in this court after removal. In May 2023, McGraw filed an amended complaint. ECF Nos. 36; 39.

On June 5, 2023, the clerk of court advised McGraw that his claims against LHP would be dismissed without prejudice unless by July 5, 2023, McGraw either filed proper proof of service showing that service had "taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m)," or showed good cause why such service was not timely made. ECF No. 40. McGraw did not respond, so I dismissed LHP without prejudice on July 7, 2023 based on McGraw's failure to timely serve LHP. ECF No. 51.

McGraw moves for reconsideration, arguing that the June 2023 notice from the court ordered him to serve the defendants with the first amended complaint prior to July 5, 2023. ECF No. 55 at 2.  He contends that he did so because he contacted a process server on June 22, 2023, and LHP was served through the Delaware Secretary of State the next day. ECF Nos. 55-1 at 3; 56.  McGraw asserts that the return of service was not filed with the court by July 5 because his counsel, Paul Chandler, was on vacation and then suffered a medical issue, so Chandler did not review his emails until July 7, 2023. ECF No. 55-1 at 3.  McGraw filed his motion for reconsideration nearly a month later, on August 3, 2023. ECF No. 55.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 90-day time for service runs from the date of the original complaint, and an amended complaint does not reset the deadline for an originally named defendant. *See Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (gathering cases).

McGraw's motion is founded on incorrect facts and law.  He appears to contend that the amended complaint reset the 90-day service deadline, which it does not.  And he incorrectly asserts that the court's June 5, 2023 notice directed McGraw to show proof of service of the amended complaint.  It did not.  Rather, the notice stated that the case had been removed on August 30, 2022, that Rule 4(m) requires service within 90 days of the complaint being filed, and that to date, no proof of service had been filed for LHP. ECF No. 40.  It also stated that "[s]ervice on the party must have taken place prior to the expiration of the time limit set forth in

Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period." *Id.* The notice did not mention the amended complaint.

Because McGraw's motion rests on these faulty positions, he addresses only the reasons why the proof of service was not filed by July 5, 2023. But he does not address whether good cause explains the lack of service from the initiation of the complaint in September 2021 through the time he finally served LHP in June 2023. Nor does he address whether, even if good cause is lacking, I nevertheless should extend the time to serve LHP under the relevant factors. *See Lemoge v. United States*, 587 F.3d 1188, 1192-95, 1198 (9th Cir. 2009); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *In re Sheehan*, 253 F.3d 507, 512-13 (9th Cir. 2001). Consequently, I deny the motion.

I THEREFORE ORDER that plaintiff John McGraw's motion for reconsideration **(ECF No. 55) is DENIED**.

DATED this 20th day of December, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3