# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES KIM, *et al*.,<br><br>    Defendants. | Case No. 2:22-cv-01414-APG-NJK<br><br>**Order** |

On January 29, 2024, the Court granted Malik Ahmad's motion to withdraw as Plaintiff's local counsel. Docket No. 69. The Court ordered that new local counsel must enter an appearance on behalf of Plaintiff no later than February 23, 2024. *Id*. at 1. Plaintiff failed to comply with the Court's order or request an extension of time in which to comply. *See* Docket. As a result, the Court ordered that new local counsel must enter an appearance on behalf of Plaintiff no later than March 12, 2024. Docket No. 79. Plaintiff again failed to comply with the Court's order or request an extension of time in which to comply. *See* Docket.

On March 14, 2024, the Court ordered Plaintiff and his counsel to show cause in writing, no later than March 28, 2024, why monetary sanctions should not be imposed and why this case should not be dismissed for failure to comply with governing rules, failure to comply with the Court's orders, and failure to prosecute his case. Docket No. 81. The Court further ordered that failure to comply with the order to show cause may result in the imposition of case-dispositive sanctions. *Id*. at 2.

On March 27, 2024, Plaintiff filed what he termed a response to the Court's order to show cause. Docket No. 82. Plaintiff submitted that he had, "at all times relevant, acted with the utmost diligence in seeking to replace local counsel" and that any delay in securing local counsel was through no fault of his own. *Id*. at 1. Plaintiff failed to address, however, why he did not comply with two prior orders of the Court, as the Court's order to show cause required. *See* Docket Nos. 81, 82. Plaintiff further failed to address the reason for the delay in submitting the notice of new

local counsel. *See* Docket No. 82. As a result, on March 28, 2028, the Court ordered Plaintiff to file a fulsome response to the Court's order to show cause. Docket No. 84.

On March 29, 2024, Plaintiff filed a supplemental response to the Court's order to show cause. Docket No. 85. Plaintiff states that his former local counsel's motion to withdraw came as a "complete surprise" to him and that he did not know that local counsel intended to file this motion until he was served with it. *Id*. at 1. Plaintiff submits that he and his counsel then "initiated a comprehensive search for replacement local counsel" and that Plaintiff "was only recently successful" in retaining local counsel. *Id*. Plaintiff further submits that he was diligent in seeking new local counsel. *Id*. at 2. Plaintiff concedes that the Court issued two orders that, in his words, "seek to establish deadlines for completing the retention of local counsel, but they are silent with respect to granting Plaintiff the ability to file any motion, let alone[,] a motion seeking to extend any deadline for securing local counsel." *Id*. at 2. Plaintiff further states that his counsel "was hesitant to file any motions without expressly being granted permission or [being] instructed to do so for fear of overstepping/overreaching, and instead, focused all energy and efforts on the search to retain local counsel." *Id*.

This response asks the Court to believe that Plaintiff's counsel, who has been a licensed attorney since 1988, *see* Docket No. 31 at 2, somehow believed that blatantly violating two Court orders constituted better practice than filing a motion asking for an extension of the Court-ordered deadline for new local counsel to enter an appearance in this case.[1] Counsel fails to address why he failed to file a notice, status report, or any other document regarding his attempts to hire local counsel rather than violate two Court orders. Nonetheless, the Court will take counsel at his word on this instance.

Accordingly, the order to show cause is **DISCHARGED**. Docket No. 81. Further, it is **ORDERED** that Plaintiff's counsel, Paul Chandler, must fully and strictly comply with all Court

---

[1] Counsel somehow believes that the Court's orders merely sought to set deadlines. Docket No. 85 at 2. Quite the contrary. A Court order that sets a deadline is just that: an order setting a deadline.

2

orders, Federal Rules, Local Rules, and applicable caselaw for the duration of this matter. Failure to do so may result in sanctions.

IT IS SO ORDERED.

Dated: April 1, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE