UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARLES KIM, et al.,<br><br>    Defendant. | Case No. 2:22-cv-01414-APG-NJK<br><br>**Order**<br><br>[Docket No. 72] |

Pending before the Court is a motion for sanctions filed by Defendants Charles Kim and Linden Hospitality ("Defendants"). Docket No. 72. Plaintiff filed a response in opposition. Docket No. 78. Defendants filed a reply. Docket No. 80. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendants' motion for sanctions is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

On October 12, 2023, Defendants served written discovery on Plaintiff. Docket No. 72 at 2. Plaintiff did not timely respond to that written discovery. *Id.* After obtaining a two-week extension, Plaintiff did not respond to the written discovery by the extended deadline. *See id.* After conferral efforts, Plaintiff eventually provided responses in early 2024. *See id.* at 3-4. Despite the Rule 26(f) conference taking place on June 20, 2023, *see* Docket No. 47, Plaintiff did not serve initial disclosures until February 4, 2024, *see* Docket No. 72 at 4.

Plaintiff's deposition was noticed for January 12, 2024. Docket No. 72 at 3. At 8:30 p.m. on January 11, 2024, Plaintiff's counsel sent an email indicating that Plaintiff would not appear at the deposition in light of a recent document production. Docket No. 64-5. Plaintiff did not file a motion for protective order and no order was issued relieving Plaintiff of his duty to appear at the deposition. On January 12, 2024, Plaintiff failed to appear at the deposition. Docket No. 72-1.

1

Defendants are now before the Court seeking dismissal sanctions and an award of attorneys' fees. Docket No. 72.[1]

## II.  REQUEST FOR DISMISSAL SANCTION

Defendants seek a dismissal sanction. Docket No. 72 at 6-10.

### A.  STANDARDS

The Court may impose sanctions for the failure of a party to appear for deposition, Fed. R. Civ. P. 37(d)(1)(A)(i), or to respond to written discovery, Fed. R. Civ. P. 37(d)(1)(A)(ii). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), some of which contemplate severe sanctions such as dismissal. *See* Fed. R. Civ. P. 37(d)(3). Case-dispositive sanctions are warranted only in "extreme circumstances." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1985). In analyzing a request for case-dispositive sanctions, the Court considers (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). The Court must also consider whether the misconduct involved willfulness, fault, or bad faith. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The Court has "great latitude" in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

### B.  ANALYSIS

The severe sanction of dismissal is not warranted in this case. The Court certainly agrees with Defendants that Plaintiff did not comply with his discovery obligations, including not timely responding to written discovery and not appearing for his deposition. *See* Section I. Nonetheless, Plaintiff did eventually provide responses and was deposed during the discovery period. *See, e.g.*, Docket No. 78 at 4, 6. Defendants have not pointed to any specific written discovery or testimony

---

[1] Defendants' motion includes errant reference to seeking "an order prohibiting Plaintiff from supporting certain contentions at trial," Docket No. 72 at 5, but the motion fails to elaborate on that request. The Court declines to address this issue given the lack of meaningful development. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

that they are lacking at this juncture[2] and the potential prejudice to Defendants appears minimal given the circumstances of this case. *Cf. United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). Similarly, given the timing of Defendant eventually obtaining the discovery at issue, concerns as to expeditious resolution and docket management do not strongly support case-dispositive sanctions. *Cf. id.* at 603. Moreover, there is a strong preference for deciding cases on their merits and it appears that lesser sanctions can remedy the violations at hand. *See id.* at 604. In short, the Court does not condone Plaintiff's discovery behavior, but this is not one of the "extreme" cases in which case-dispositive discovery sanctions are warranted.

## III. REQUEST FOR AN AWARD OF ATTORNEYS' FEES

Defendants seek an award of attorneys' fees. Docket No. 72 at 8.

### A. STANDARDS

Instead of or in addition to the other enumerated sanctions, courts finding a Rule 37(d) violation must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(d)(3). The party facing an award of expenses bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). A finding of bad faith is not a prerequisite for awarding expenses under Rule 37(d), although a lack of bad faith may be considered in determining whether the imposition of sanctions would be unjust. *See id.*

There is no dispute that Plaintiff failed to appear on January 12, 2024, for a duly noticed deposition. Moreover, Plaintiff has not shown substantial justification or unjust circumstances in a fee award. The gist of Plaintiff's position is that he was aggrieved by a document production the day before the deposition and, as a result, Plaintiff's counsel informed opposing counsel that Plaintiff would not appear. *See, e.g.*, Docket No. 78 at 5-6. The overarching problem with this

---

[2] The motion seems to suggest that the responses to written discovery were deficient, *see, e.g.*, Docket No. 72 at 8, but the motion does not provide argument tied to the specific responses and Defendants appear to backtrack in reply, Docket No. 80 at 3 (arguing prejudice based solely on the timing of the responses, not the contents of the responses).

excuse is that it is for the Court, not Plaintiff, to relieve him of the duty to appear at the deposition. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (addressing earlier version of the discovery rules). Plaintiff did not even attempt to obtain judicial relief, so he is foreclosed from relying on the allegedly objectionable nature of the deposition timing in seeking to avoid sanctions. *See* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)").[3] Moreover, a party is not relieved of the repercussions of skipping out on his deposition by simply informing the other side in advance that he plans on not showing up. *E.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 n.8 (D. Nev. 2016). Given the circumstances of this case, an award of attorneys' fees is warranted for Plaintiff's deposition non-appearance.

Having determined that an award of fees is warranted, the Court turns to the calculation of those fees. In so doing, the Court relies on the familiar lodestar approach. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[4] With respect to the hours to be compensated, an award of fees in relation to a deposition non-appearance is limited to the expenditure of time "caused by the failure" to appear. Fed. R. Civ. P. 37(d)(3). The fees logically encompass the time of counsel appearing at the doomed deposition and seeking sanctions. *Borenstein v. The Animal Found.*, 2023 WL 8254490, at *1 (D. Nev. Nov. 28, 2023) (citing *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4974049, at *11 (C.D. Cal. Aug. 19, 2021)). On the other hand, when the deposition is eventually taken at a later date, fees do not generally

---

[3] Plaintiff argues that he lacked sufficient time to bring a motion for protective order before the deposition. *See* Docket No. 78 at 6. Such a contention is wrong. *See, e.g.*, Local Rule 26-6(d) ("In the event of an emergency discovery dispute, the movant may apply for relief by written motion or, when time does not permit, by telephone call to the magistrate judge assigned to the case").

[4] The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Adjustments to the lodestar are warranted in "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

4

cover preparation time for the doomed deposition since such efforts should have still been useful to the later deposition. *Borenstein*, 2023 WL 8254490, at *1 at n.2 (citing *Martinez v. Lunes*, 2008 WL 5045954, at *2 (E.D. Cal. Nov. 24, 2008)). Defendants here seek to recover for 19.8 hours "in preparing for the deposition and taking Plaintiff's non-appearance," as well as the hours expended in filing the motion for sanctions. *See* Docket No. 72 at 10; *see also id.* at 4. The hours expended in taking the non-appearance and in preparing the motion for sanctions are recoverable, but the Court has not been provided a basis for awarding fees for deposition preparation time. *See* Docket No. 78 at 6 (representing that Plaintiff's deposition was taken on February 20, 2024). Unhelpfully, Defendants did not itemize counsel's hours, so the Court cannot tell how much time was reasonably expended on taking the non-appearance and in preparing the motion for sanctions, as opposed to preparing for the deposition.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion for sanctions is **GRANTED** in part and **DENIED** in part. The request for dismissal sanctions is **DENIED**. The request for attorneys' fees is **GRANTED** with respect to the time spent in taking the non-appearance and in preparing the instant motion for sanctions. If the parties cannot agree on the amount of fees to be awarded, Defendants must file a "Motion to Calculate Fees" providing all necessary information by July 29, 2024.

IT IS SO ORDERED.

Dated: July 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge