UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHARLES KIM, et al.,<br><br>　　　　Defendant. | Case No. 2:22-cv-01414-APG-NJK<br><br>**Order**<br><br>[Docket No. 64] |

Pending before the Court is a motion for sanctions filed by Defendant First American Title Insurance Company ("FATIC"). Docket No. 64; *see also* Docket Nos. 65, 66 (declarations). Plaintiff filed a response in opposition. Docket No. 76. FATIC filed a reply. Docket No. 77. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, FATIC's motion for sanctions is **GRANTED**.

**I.　BACKGROUND**

Plaintiff's deposition was noticed for January 12, 2024. Docket No. 64-1 at ¶ 8. At 8:30 p.m. on January 11, 2024, Plaintiff's counsel sent an email indicating that Plaintiff would not appear at the deposition in light of a recent document production. *Id.* at ¶ 9; *see also* Docket No. 64-5. Plaintiff did not file a motion for protective order and no order was issued relieving Plaintiff of his duty to appear at the deposition. On January 12, 2024, Plaintiff failed to appear at the deposition. Docket No. 64-1 at ¶14; *see also* Docket No. 64-9. FATIC is now before the Court seeking an award of attorneys' fees arising out of the nonappearance. Docket No. 64.[1]

---

[1] FATIC also seeks to recover fees for preparing for an earlier deposition non-appearance. *See* Docket No. 64 at 5. As explained below, such preparation time is not compensable here, so the Court need not opine on the circumstances of the earlier deposition non-appearance.

1

## II. STANDARDS

The Court may impose sanctions for the failure of a party to appear for deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions that may be imposed include those listed in Rule 37(b)(2)(A)(i)-(vi), some of which contemplate severe sanctions such as dismissal. *See* Fed. R. Civ. P. 37(d)(3). Instead of or in addition to such sanctions, courts must award reasonable expenses, including attorneys' fees, unless the failure to appear was substantially justified or other circumstances make an award of expenses unjust. *See id*. The party facing an award of expenses bears the burden of establishing substantial justification or circumstances making an award of expenses unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). A finding of bad faith is not a prerequisite for awarding expenses under Rule 37(d), although a lack of bad faith may be considered in determining whether the imposition of sanctions would be unjust. *See id.* The Court has "great latitude" in imposing sanctions under Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

## III. ANALYSIS

There is no dispute that Plaintiff failed to appear on January 12, 2024, for a duly noticed deposition. Moreover, Plaintiff has not shown substantial justification or unjust circumstances in a fee award. The gist of Plaintiff's position is that he was aggrieved by a document production the day before the deposition and, as a result, Plaintiff's counsel informed opposing counsel that Plaintiff would not appear. *See, e.g.*, Docket No. 76 at 4. The overarching problem with this excuse is that it is for the Court, not Plaintiff, to relieve him of the duty to appear at the deposition. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (addressing earlier version of the discovery rules). Plaintiff did not even attempt to obtain judicial relief, so he is foreclosed from relying on the allegedly objectionable nature of the deposition timing in seeking to avoid sanctions. *See* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act

has a pending motion for a protective order under Rule 26(c)").[2]  Moreover, a party is not relieved of the repercussions of skipping out on his deposition by simply informing the other side in advance that he plans on not showing up.  *E.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 n.8 (D. Nev. 2016).  Given the circumstances of this case, an award of attorneys' fees is warranted for Plaintiff's deposition non-appearance.

Having determined that an award of fees is warranted, the Court turns to the calculation of those fees.  In so doing, the Court relies on the familiar lodestar approach.  *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 587 (D. Nev. 2013).  Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended" by "a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[3]  The Court finds the hourly rates sought to be reasonable based on the prevailing rate in the community.  With respect to the hours to be compensated, an award of fees in relation to a deposition non-appearance is limited to the expenditure of time "caused by the failure" to appear.  Fed. R. Civ. P. 37(d)(3).  The fees logically encompass the time of counsel appearing at the doomed deposition and seeking sanctions.  *Borenstein v. The Animal Found.*, 2023 WL 8254490, at *1 (D. Nev. Nov. 28, 2023) (citing *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 WL 4974049, at *11 (C.D. Cal. Aug. 19, 2021)).  On the other hand, when the deposition is eventually taken at a later date, fees do not generally cover preparation time for the doomed deposition since such efforts should have still been useful to the later deposition.  *Borenstein*, 2023 WL 8254490, at *1 at n.2 (citing *Martinez v. Lunes*, 2008 WL 5045954, at *2 (E.D. Cal. Nov. 24, 2008)).  FATIC here properly seeks 1.5 hours for attending the failed deposition, as well as 6 hours preparing the motion for sanctions, which hours are

---

[2] In related motion practice, Plaintiff argues that he lacked sufficient time to bring a motion for protective order before the deposition.  *See* Docket No. 78 at 6.  Such a contention is wrong.  *See, e.g.*, Local Rule 26-6(d) ("In the event of an emergency discovery dispute, the movant may apply for relief by written motion or, when time does not permit, by telephone call to the magistrate judge assigned to the case").

[3] The lodestar figure is presumptively reasonable.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).  Adjustments to the lodestar are warranted in "rare and exceptional cases."  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  A departure from the lodestar is not warranted in this case.

reasonable given the circumstances.[4]  The Court has not been provided a basis, however, for awarding fees for deposition preparation time.  *See* Docket No. 78 at 6 (representing that Plaintiff's deposition was taken on February 20, 2024).  Given the circumstances, the Court awards FATIC fees in the amount of $1,950.

### IV.  CONCLUSION

For the reasons discussed above, FATIC's motion for sanctions is **GRANTED**.  The Court awards FATIC fees in the amount of $1,950.  Plaintiff must pay this sanction to FATIC by July 29, 2024, and Plaintiff must also file a notice of payment on the docket by that date.

IT IS SO ORDERED.

Dated: July 9, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The Court is not persuaded by Plaintiff's contention that these hours were excessive.  *See* Docket No. 76 at 5-6.

4