UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW, | Case No.: 2:22-cv-01414-APG-NJK |
| Plaintiff | **Order Granting First American's Motion for Summary Judgment** |
| v. | [ECF No. 96] |
| CHARLES KIM, et al., | |
| Defendants | |

John McGraw sues the defendants over a failed real estate purchase in which a company he partly owns, Pacific Specialty Insurance Co., invested and lost $2.2 million that had been placed in escrow. Pacific assigned its rights and interests related to the deal to McGraw. As relevant to this order, McGraw asserts negligence and conversion claims against defendant First American Title Insurance Company based on First American distributing the funds in escrow through a wire transfer despite knowing that McGraw was seeking a temporary restraining order (TRO) to prevent disbursement of the escrow funds.

First American moves for summary judgment, contending that no genuine dispute remains that it was not negligent and did not convert the funds because it (1) followed the escrow instructions from the parties to the escrow and (2) disbursed the funds before the state court issued the TRO. First American also seeks attorney's fees based on an indemnification provision.

McGraw responds that genuine disputes remain because his attorney contacted First American in the days prior to it disbursing the funds and told First American not to distribute the funds because he was going to seek a TRO. McGraw also contends that First American did

nothing to try to get the funds returned after the TRO issued.  McGraw did not respond to First American's request for indemnification.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motion.  I grant First American's motion because no genuine dispute remains that First American was not negligent and did not convert the escrow funds.  I will address attorney's fees if First American files a properly supported motion.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

/ / / /

/ / / /

### A. Negligence and Conversion

I previously granted summary judgment in First American's favor "as to plaintiff John McGraw's . . . negligence and conversion claims to the extent those claims are based on First American violating the escrow instructions." ECF No. 60 at 12.  But I allowed McGraw's claims for negligence and conversion to proceed "based on First American violating the state court temporary restraining order" because genuine disputes remained about when the wire transfer was completed vis-à-vis when the state court issued the TRO. *Id.* at 9-10, 12.

Now that the parties have conducted discovery, no genuine dispute remains that First American completed the wire transfer before the state court issued the TRO. *See* ECF Nos. 97-3 at 5; 97-4 at 3, 5-8; 97-9; 97-11; 97-12 at 3.  First American thus could not have breached a duty to comply with the TRO or convert funds in contravention of the TRO, because the escrow funds were no longer in First American's possession or control by the time the TRO issued.  McGraw cites no authority for the proposition that an escrow agent has a duty not to disburse escrow funds when a non-party to the escrow[1] advises the escrow agent that the non-party is going to seek, but has not yet obtained, a TRO.  Doing so would instead likely subject the escrow agent to claims against it by the parties to escrow for not following the escrow instructions. *See Broussard v. Hill*, 682 P.2d 1376, 1378 (Nev. 1984) (stating that an "escrow agent must strictly comply with the terms of the escrow agreement and may not use the proceeds in any manner that is not authorized by contract or deposit").

Nor has McGraw cited any authority for the proposition that once First American disbursed the funds it had some duty under the TRO to request the receiving bank to send the

---

[1] As set forth in my prior order, neither McGraw nor Pacific were parties to the purchase agreement or the escrow instructions. ECF No. 60 at 2-4.

3

funds back. The TRO ordered First American to "refrain from the distribution" of the escrow funds and prohibited First American from "making any determination related to the rights of any entity, individual or party with regards to the subject escrow account." ECF No. 97-14 at 2. The TRO did not order First American to attempt to retrieve the funds if it had already distributed them. The state court later denied a preliminary injunction as moot "because the subject monies were already transferred." ECF No. 97-16. There is no evidence that the state court found that First American violated the TRO.

And there is no evidence that even if First American had requested the receiving bank to return the wired money, the seller's bank would have agreed to do so. As explained by Paige de Jong, Vice President and Operations Manager of First American Trust FSB, once the wire is sent, the money is "gone," and First American "cannot get it back." ECF Nos. 97-13 at 21; 97-12 at 2. According to de Jong, First American could request the money back but First American had "no right to pull it back or any way to pull it back." ECF No. 97-13 at 21. Rather, the beneficiary bank must receive authorization from its customer because the wire is "final payment to that beneficiary, and now it belongs to them. And whatever happens to that money after they get it, after they receive it in their account, is up to them." *Id.* at 22. As de Jong explained, this is why wire transfers are used in escrow transactions, because the transfer is "final." *Id.* at 21.

First American did not breach a duty owed to McGraw or Pacific, and First American did not exert wrongful dominion over McGraw's or Pacific's funds. *See Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) (for a negligence claim, duty and breach are required elements); *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542 (Nev. 2008) (conversion involves an "act of dominion wrongfully exerted" that is "inconsistent with [another's] title or rights" in the property (quotation omitted)). There is no genuine dispute as to

those facts. Consequently, I grant First American's motion for summary judgment on McGraw's negligence and conversion claims.

### B. Indemnification

First American requests indemnification under the third-party instructions that Pacific signed when it deposited the $2.2 million in escrow. McGraw does not respond to this portion of First American's motion. I will address attorney's fees if First American files a properly supported motion under Local Rule 54-14. The parties should confer about a resolution of that issue before First American files a motion.

## III. CONCLUSION

I THEREFORE ORDER that defendant First American Title Insurance Company's motion for summary judgment **(ECF No. 96) is GRANTED**.

DATED this 21st day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE