# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MCGRAW, | Case No.: 2:22-cv-01414-APG-NJK |
|     Plaintiff | **Order Striking Proposed Joint Pretrial Order** |
| v. | |
| CHARLES KIM, et al., | [ECF Nos. 122, 126] |
|     Defendants | |

I previously ordered the parties to file their proposed joint pretrial order by March 21, 2025. ECF No. 116.  I extended that deadline to April 4, 2025 at the parties' request. ECF No. 120.  The defendants filed an individual proposed order alleging that plaintiff's counsel did not participate in preparing the proposed order. ECF No. 122 at 2.  I therefore issued an Order to Show Cause why sanctions should not be entered against plaintiff and his counsel. ECF No. 123. I also ordered the parties to confer and file a new joint proposed order. *Id.*  The parties filed that joint order (ECF No. 126), but it is defective for a variety of reasons.

First, the proposed order is clearly a draft, as it has margin comments reflecting disagreements about the order itself. ECF No. 126 at 3.

Second, the plaintiff identifies as its proposed exhibits "[a]ll documents exchanged between the parties subject to appropriate objections [and all] written discovery exchanged between the parties in this matter," and "further reserves the right to identify and produce further exhibits as necessary." *Id.* at 9.  Local Rule 16-3(b)(8) requires parties to list and describe their trial exhibits, rather than vaguely referring to "all exhibits" or reserving some non-existent right to designate additional exhibits.  Such vague, broad designations of exhibits make it impossible for the other party to file objections as required by Local Rule 16-3(b)(8)(B).

1    Third, the defendants designate as their exhibits emails bearing Bates Nos. EML00001-

2 369. *Id*. at 10.  But most of those documents are already stipulated into evidence. *See id*. at 3-9.

3 Counsel should take greater care in preparing the proposed order by reviewing what the parties

4 have already agreed to.

5    Fourth, both parties make blanket objections to each other's exhibits without specifying

6 which objection goes to which exhibit. *Id*. at 9-11.  That violates Local Rule 16-3(b)(8)(B).

7    Fifth, the plaintiff designates two deposition transcripts of witnesses it intends to call at

8 trial. *Compare id*. at 11 *with id*. at 12.  If the witnesses will be called, there should be no reason

9 to designate their deposition testimony.  Further, the plaintiff fails to specify the portions of those

10 depositions that will be offered at trial, as required by Local Rule 16-3(b)(10).  And neither side

11 states their objections, and the grounds for them, to the other's deposition testimony, as required

12 by Local Rule 16-3(b)(11).

13    Counsel's repeated failures to follow the Local Rules is delaying resolution of this case

14 and increasing the work I need to undertake to bring this case to completion.  Further failures to

15 comply with the Local Rules will result in sanctions against the parties and their counsel.

16    I THEREFORE ORDER that the parties' proposed pretrial orders (**ECF Nos. 122, 126**

17 **are REJECTED.**  The parties shall confer as required in Local Rule 16-3 and submit a joint

18 pretrial order that complies with Local Rules 16-3 and 16-4 by May 8, 2025.  The failure to

19 timely and properly comply with this order likely will result in sanctions against the parties and

20 their counsel, including monetary sanctions and the striking of claims or defenses.

21    DATED this 24th day of April, 2025.

22

23

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE