# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN MCGRAW,

      Plaintiff

v.

CHARLES KIM, et al.,

      Defendants

Case No.: 2:22-cv-01414-APG-NJK

**Order (1) Granting Motion to Strike Surreply, (2) Denying Motion for Leave to File Second Surreply, and (3) Granting Motion for Attorney's Fees**

[ECF Nos. 111, 125, 131]

      I previously granted summary judgment in favor of First American Title Insurance Company (FATIC). ECF Nos. 60, 109.  FATIC now moves for an award of its attorneys' fees incurred in connection with this case. ECF No. 111.  The fee motion generated many collateral filings: McGraw's improper surreply, FATIC's motion to strike the surreply, and McGraw's motion for leave to file a second surreply.

      McGraw's surreply repeats arguments in his opposition and adds new arguments (specifically about the fee request being unreasonable). ECF No. 124.  To the extent the arguments are repetitive (or a new spin on prior arguments), there is no reason for a second bite at the apple.  To the extent the surreply raises new arguments, those should have been raised in the opposition.  Local Rule 7-2(b) states that "[s]urreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged."  McGraw did not seek permission to file his surreply.  Nor has he offered a sufficient explanation for why the new arguments were not included in his opposition.  Although he and his family apparently had health problems (ECF No. 124-1 at 3), that did not stop him from filing a 14-page opposition.  And if he needed more time for the opposition, he could have requested that by way of a motion.  He filed his opposition

to the motion 24 days late (after two deadline extensions), so he had plenty of time to include his new arguments in the opposition.  I therefore grant FATIC's motion to strike the surreply.

McGraw also seeks leave to file a surreply in response to FATIC's motion to strike his first surreply. ECF No. 131.  I deny McGraw's motion as there is no need for that surreply.

**A. The escrow instructions are enforceable against McGraw.**

Finally turning to the merits of FATIC's fee motion, I have considered McGraw's late-filed opposition despite FATIC's request that I not do so.  Regardless, I grant the motion for fees.

Pacific Specialty Insurance Co. (PSIC) deposited $2.2 million into an escrow held by FATIC.  McGraw later took an assignment of PSIC's rights and obligations under the escrow. The escrow instructions state, in part, that PSIC—and thus McGraw as assignee—will indemnify FATIC "against any loss" FATIC may suffer. ECF No. 111-4 at 2.  FATIC incurred attorneys' fees and costs as a result of McGraw's ill-fated complaint against it.  Those fees and costs constitute "losses" for which McGraw owes indemnification.

The escrow instructions constitute a contract between FATIC and McGraw as PSIC's assignee.  Contrary to McGraw's argument, the escrow instructions were not a contract of adhesion.  PSIC was not a consumer but a sophisticated business entity, PSIC could have requested the parties use another escrow company, and there is no evidence that PSIC was prohibited from negotiating different terms for the escrow instructions. *See Obstetrics & Gynecologists William G. Wixted, M.D., Patrick M. Flanagan, M.D., William F. Robinson, M.D. Ltd. v. Pepper*, 693 P.2d 1259, 1260 (Nev. 1985) ("An adhesion contract has been defined as a standardized contract form offered to consumers of goods and services essentially on a 'take it or leave it' basis, without affording the consumer a realistic opportunity to bargain, and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing

1  to the form of the contract."). Moreover, Nevada law allows enforcement of contracts of

2  adhesion if there is plain and clear notification of the terms, an understanding consent, and it falls

3  within the reasonable expectations of the weaker party. *Burch v. Second Jud. Dist. Ct. of State ex*

4  *rel. Cnty. of Washoe*, 49 P.3d 647, 649 (Nev. 2002). Here, the terms were clear, PSIC consented,

5  and there is nothing unreasonable about the escrow instructions. Finally, McGraw's reliance on

6  California caselaw is unavailing as Nevada law applies to this Nevada dispute.

7       **B. FATIC's fee request is reasonable.**

8       FATIC requests $137,274.89 in attorney's fees. ECF No. 111 at 17. McGraw's

9  opposition does not take issue with the hours billed or rates charged.[1] Nevertheless, I have

10  analyzed those fees independently.

11       Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v.*

12  *Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th

13  Cir. 2000) (applying *Hensley*). I first determine a reasonable fee by multiplying "the number of

14  hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at

15  433. I then decide whether to adjust the lodestar calculation based on an evaluation of the factors

16  articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *See Fischer*, 214

17  F.3d at 1119 (citation omitted). The *Kerr* factors are:

18       (1) the time and labor required, (2) the novelty and difficulty of the questions
     involved, (3) the skill requisite to perform the legal service properly, (4) the
19       preclusion of other employment by the attorney due to acceptance of the case,
     (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
20       limitations imposed by the client or the circumstances, (8) the amount involved
     and the results obtained, (9) the experience, reputation, and ability of the
21       attorneys, (10) the "undesirability" of the case, (11) the nature and length of
     the professional relationship with the client, and (12) awards in similar cases.

22

23

_____

[1] His improperly filed surreply does, but I have stricken that.

1  *Kerr*, 526 F.2d at 70. Once calculated, the lodestar is presumptively reasonable. *See*

2  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

3  Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v.*

4  *Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

5         The rates charged by FATIC's counsel are lower than they charge other clients, based on

6  a fee agreement. The rates are reasonable and below the prevailing rates for the Las Vegas legal

7  market for lawyers of their ilk. Counsel have billed an appropriate number of hours for the tasks

8  they performed. The lodestar calculation is reasonable and there is no need to adjust it based on

9  the *Kerr* factors. I also find the fee request reasonable under the factors in *Brunzell v. Golden*

10 *Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969). I therefore grant FATIC's request for attorney's

11 fees in the amount of $137,274.89.

12        **C. I award FATIC some of its requested costs.**

13        FATIC seeks $5,730.91 in costs incurred for filing fees, postage, copying, travel,

14 computerized research, and deposition transcripts. ECF No. 111 at 17. Federal Rule of Civil

15 Procedure 54(d) contains two separate provisions for costs. To request taxable costs, the

16 prevailing party must file a bill of costs with the clerk. LR 54-1(a). Taxable costs are taxed by

17 the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1(f). The categories of taxable

18 costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. Filing fees are taxable costs. *See*

19 28 U.S.C. § 1920(1). Thus, those must be included in a bill of costs submitted to the clerk of

20 court.

21        By contrast, nontaxable costs are recoverable on a motion to the court along with

22 attorney's fees. Fed. R. Civ. P. 54(d)(2)(A) ("claim for attorney's fees and related nontaxable

23 expenses"); *see also* LR 54-14(a)(2) (a motion for attorney's fees must include "[a]n itemization

4

of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13"). Costs for copies, postage, and deposition transcripts are nontaxable costs. Computer research fees and attorney travel expenses are ordinarily not allowed. LR 54-11(g), (k).

FATIC may recover its filing fees through a bill of costs filed with the clerk under Local Rule 54-1. FATIC's request for reimbursement of computer research fees and attorney travel expenses is denied under Local Rules 54-11(g) and (k). I grant FATIC's request for reimbursement for copies, postage, and deposition transcripts in the total amount of $4,523.93.

I THEREFORE ORDER that First American Title Insurance Company's motion to strike John McGraw's surreply **(ECF No. 125) is granted**, McGraw's surreply **(ECF No. 124) is stricken**, and McGraw's motion for leave to file a surreply **(ECF No. 131) is denied**.

I FURTHER ORDER that First American Title Insurance Company's motion for attorney's fees and costs **(ECF No. 111) is granted in part**. I award First American Title Insurance Company $137,274.89 in attorney's fees and $4,523.93 in nontaxable costs.

DATED this 20th day of August, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE